Manly <L.
The judgment of the Superior Court upon the special verdict is erroneous. In the absence of the lather, the son had authority to forhiil the entry into the crib, and tbe entry with strong hand under such circum-etanccs is more than a civil trespass. The force is sufficiently manifest from the number of persons engaged, and from the violence committed on the building.
It is not necessary the owner should he present always in his house to forbid the entry of a trespasser, in order to continue it under the protection of the law against tin’s of-fence. A member of the family left in charge, forbidding, will have the same tff-efc.-
The possession of the son, is the possession of the father, *243 and it ia.therefore,,properly laid as a trespass to the latter's possession. Upon the whole, we conclude the offence is well laid and the facts found in the special verdict, cousti-. tute a cate of guilt.
This should be certified to the Superior Court of Davie ’ Cointy, that the judgment may be reversed arid judgment for the State awarded;